IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tellson Partners LLC, et al. | : |
| Plaintiffs, | : |
| v. | : |
| Keith Daubenspeck, et al., | : Case No. 18-cv-6146 |
| Defendants. | : Hon. Rebecca R. Pallmeyer |

**DEFENDANT HENRIK FISKER'S NOTICE OF JOINDER IN THE
KLEINER PERKINS DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT AND FOR JUDGMENT ON THE PLEADINGS**

Defendant Henrik Fisker hereby gives notice that he joins the Motion to Dismiss Plaintiffs' Complaint and for Judgment on the Pleadings (the "Motion"), and the memorandum in support thereof (the "Memorandum"), filed on September 14, 2018 by Defendants Kleiner Perkins Caufield & Byers, Ray Lane and John Doerr (collectively, the "Kleiner Perkins Defendants") (Dkt. Nos. 37, 38).

For the reasons explained in the Kleiner Perkins Defendants' Memorandum, all of Plaintiffs' claims in this action are barred by the three-year statute of limitations set forth in the Illinois Securities Law (the "ISL"). This Court previously applied the ISL's statute of limitations in dismissing with prejudice a class action brought by the same plaintiffs' counsel and asserting the same claims that Plaintiffs assert here. *See Orgone Capital III, LLC v. Daubenspeck*, No: 16-cv-10849 (N.D. Ill.). This action, like the *Orgone Capital* case before it, is untimely and should be dismissed with prejudice.

In addition, Mr. Fisker joins in the Kleiner Perkins Defendants' argument that Plaintiffs' claims should be dismissed for lack of personal jurisdiction. *See* Memorandum (Dkt. No. 38) at 14 n.3. While the Complaint in this action alleges that Mr. Fisker "travelled to Illinois and spoke to Illinois residents at several Fisker Automotive road show events … for the purpose of soliciting Plaintiffs (and other Illinois residents) to purchase Fisker Automotive Securities," Dkt. No. 1-1 ¶ 33, Plaintiffs fail to allege that the information allegedly provided by Mr. Fisker at these Illinois "road shows" is the ***same*** as the alleged misstatements and omissions that form the basis of Plaintiffs' claims.

Mr. Fisker acknowledges that this Court previously decided, in *Orgone Capital*, that it had personal jurisdiction over Mr. Lane in light of substantially similar allegations concerning his alleged Illinois contacts. *See* Memorandum Opinion and Order in *Orgone Capital*, No. 16-cv-10849, Dkt. No. 78 at 11-13. Like the Kleiner Perkins Defendants (*see* Memorandum at 14 n.3), Mr. Fisker respectfully disagrees with the Court's previous decision and requests that the Court dismiss the claims against him for lack of personal jurisdiction, for the reasons set forth in the Memorandum of Law in Support of the Kleiner Perkins Defendants' Motion to Dismiss the *Orgone Capital* complaint. *See* Declaration of Michael D. Celio (Dkt. No. 38-1), Ex. G at 9-13.

For the foregoing reasons, Mr. Fisker respectfully requests that the Court dismiss the claims against him as untimely, or in the alternative, dismiss the claims against him for lack of personal jurisdiction.

Dated: September 14, 2018

Respectfully submitted,

By: /s/ *James W. Mizgala*
James W. Mizgala
Illinois State Bar No. 6271760
Andrea M. Glinka Przybysz
Illinois State Bar No. 6302787
TUCKER ELLIS LLP
233 South Wacker Drive
Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
James.Mizgala@tuckerellis.com
Andrea.Przybysz@tuckerellis.com

James N. Kramer (*pro hac vice* pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard St.
San Francisco, CA 94105
Telephone: (415) 773-5700
jkramer@orrick.com

*Attorneys for Defendant Henrik Fisker*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record were served with a copy of **DEFENDANT HENRIK FISKER'S NOTICE OF JOINDER IN THE KLEINER PERKINS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND FOR JUDGMENT ON THE PLEADINGS** via ECF on September 14, 2018.

/s/ *James W. Mizgala*